IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| JOY TRUJILLO,<br><br>      Plaintiff,<br><br>vs.<br><br>WAL-MART STORES, INC.,<br><br>      Defendant. | No. 1:11-cv-00139-PJK-GBW |

ORDER

THIS MATTER comes on for consideration of Plaintiff's Motion to Remand filed April 13, 2011. Doc. 13. Upon consideration thereof,

(1) <u>Background</u>. Defendant removed this negligence action from state court. Plaintiff alleges that she slipped and fell, injuring her ankle and shoulder, in one of Defendant's stores due to water from a leaking roof. She alleges that Defendant negligently failed to inspect the premises and warn her. She seeks compensatory damages for necessary medical expenses, pain and suffering, and loss of enjoyment of life. The complaint does not demand a dollar amount. <u>See</u> N.M.R. Civ. P. 1-008(A)(3) ("Unless it is a necessary allegation of the complaint, the complaint shall not contain an allegation for damages in any specific monetary amount."). However, Plaintiff's former counsel declared in an affidavit that the medical expenses are $6,500, no surgery is contemplated, and that he

offered to stipulate that the damages are less than $75,000.  Doc. 13-1 at 1-2.  Moreover, Plaintiff, proceeding pro se, has declared in an affidavit that she is "not seeking an award of damages, inclusive of attorney's fees, exclusive of costs and interest, of $75,000 or greater."  Doc. 23.

(2) <u>Notice of Removal</u>.  Defendant removed this action asserting that the $75,000 amount in controversy for federal removal jurisdiction based upon diversity was met due to: (1) the nature of the injuries alleged, (2) the possible treatment, and (3) a sampling of verdicts from around the country in slip-and-fall cases.  Doc. 1 at 4-5.

(3) <u>Disposition</u>.  Even if the parties are diverse, Defendant has not established jurisdictional facts to support removal.

When a defendant invokes federal jurisdiction through removal, 28 U.S.C. § 1446, the defendant bears the burden of establishing the elements for federal jurisdiction.  <u>Martin v. Franklin Capital Corp.</u>, 251 F.3d 1284, 1290 (10th Cir. 2001).  In addition to diversity of citizenship, 28 U.S.C. § 1332(a) requires an amount in controversy in excess of $75,000, exclusive of interest and costs.  <u>McPhail v. Deere & Co.</u>, 529 F.3d 947, 952 (10th Cir. 2008) (internal quotation marks omitted).  "'[T]he amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal.'"  <u>Martin</u>, 251 F.3d at 1290 (quoting <u>Laughlin v. Kmart Corp.</u>, 50 F.3d 871, 873 (10th Cir. 1995)).  If the complaint does not resolve the

issue, defendant must affirmatively establish the requisite amount "'on the face of either the petition or the removal notice.'" Id. (quoting Laughlin, 50 F.3d at 873). In doing so, the defendant must prove contested jurisdictional facts by a preponderance of the evidence. McPhail, 529 F.3d at 953-54. The defendant may rely on an estimate of the potential damages from the allegations in the complaint; evidence submitted in federal court, such as affidavits from experts indicating how much it would cost to satisfy plaintiff's demands; or documents that demonstrate plaintiff's own estimation of its claims. Id. at 955-56. If the jurisdictional facts are proven, remand is appropriate only if it is legally certain that less than $75,000 is at stake. Id. at 954.

In its opposition to a remand, Defendant argues that it cited nine awards in its notice of removal in excess of the jurisdictional minimum from similar cases, and that Plaintiff has not established to a legal certainty that its recovery will be $75,000 or less. Doc. 19 at 3-4. According to Defendant, the notice of removal is sufficient to defeat a remand. In the alternative, Defendant seeks a hearing under Fed. R. Civ. P. 12(b)(1), permission to provide affidavits, and an opportunity to amend the notice of removal.

Defendant has not met its burden of proving facts in support of the amount in controversy. As noted, there is no estimate of potential damages in the complaint, and Defendant has not submitted affidavits or documents with its own, or Plaintiff's, estimate of damages. Rather, Defendant cites nine slip-and-fall

3

awards—none of which are from New Mexico—over $75,000.  Moreover, in declining to remand similar cases, courts have found it quite significant that a plaintiff refuses to reduce a demand below the jurisdictional minimum.  <u>Yong Qin Luo v. Mikel</u>, 625 F.3d 772, 776 (2d Cir. 2010); <u>McPhail</u>, 529 F.3d at 956-57; <u>Hanna v. Miller</u>, 163 F. Supp. 2d 1302, 1306 (D.N.M. 2001).  Here, by contrast, Plaintiff's former counsel offered to stipulate that damages were less than $75,000.  Doc. 13-1 at 1-2.

Defendant has not identified what it would prove at a hearing or by further affidavit.  Because Defendant has not met its burden for establishing federal jurisdiction, the case must be remanded to state court.  <u>See</u> 28 U.S.C. § 1447(c).

NOW, THEREFORE, IT IS ORDERED that:

(1) Plaintiff's Pro Se Motion for Stay filed May 12, 2011 (Doc. 22) is denied.

(2) Plaintiff's Motion to Remand filed April 13, 2011 (Doc. 13) is granted.

(3) The Clerk shall remand the case to the Second Judicial District Court, Bernalillo County, New Mexico, for want of subject matter jurisdiction.  28 U.S.C. § 1447(c).

DATED this <u>26th</u> day of May 2011, at Santa Fe, New Mexico.

*/s/ Paul Kelly, Jr.*
United States Circuit Judge
Sitting by Designation